## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MORER LEE                                            *

      Plaintiff,                                *

v.                                                   *          Civil Action Case No.  RDB-09-2868

EDWARD A. MALLOY, JR.                                *

      Defendant.                                *

                       ***

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff  Morer Lee's  pro se civil action against Judge Edward A. Malloy, Jr., Administrative Judge of the District Court of Maryland for District 12 (Allegany and Garrett Counties).   Lee, a resident of New York, brings this action to federal court on the basis of federal question under 28 U.S.C.  § 1331, "because private property is protected by the 5th Amendment Due Process Guarantees consistent with the United States Constitution," and also on the basis of diversity of citizenship of the parties pursuant to 28 U.S.C § 1332.  After review of the Complaint and applicable law, the Court will grant Lee's Motion to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915, and dismiss this case with prejudice.

### BACKGROUND

This matter involves a state civil citation proceeding over which this Court does not have original subject matter jurisdiction.   Lee alleges that on October 25, 2006, Judge Malloy incorrectly informed him that a permit had issued to Charles Winebrenner, Code Enforcement Officer for the City of Cumberland, to repair a house owned by Lee which had also been the subject of condemnation proceedings.  Lee was before Judge Malloy in a matter involving the

judgment and collection of $531.00 in costs incurred by the City to repair the property.  Lee claims that Judge Malloy "made a false statement and mislead [sic] Plaintiff," and as a result Lee filed an untimely appeal from the $531.00 judgment entered against him.  Specifically, Lee claims that Judge Malloy stated Winebrenner had a permit to enter and repair the property when none had issued.

Lee has thrice attempted to remove state district court proceedings related to the property to this Court.   In each case, the Court remanded the matter for lack of federal question and diversity jurisdiction.  *See Mayor and City Counsel of Cumberland v Lee*, Civil Action No. CCB-05-2923 (D.Md.); *City of Cumberland Commmunity Development v. Lee*, Civil Action No. CCB-07-773 (D.Md.); *Mayor and City Council of Cumberland v. Lee*, Civil Action No.  L-08-2081 (D. Md.).   Determinations of fact made in those cases will inform the instant Memorandum Opinion.

## DISCUSSION

## I.  Jurisdiction

The jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.  *See* U.S. Const. Art. 3  § 2; 28 U.S.C. § § 1331 & 1332.  The Court, *sua sponte*, at any stage of a proceeding, may raise the question of subject matter jurisdiction.  *See In re Bulldog Trucking, Inc.,* 147 F.3d 347, 352 (4th Cir. 1998). *Cook v. Georgetown Steel Corp*., 770 F.2d 1272, 1274 (4th Cir. 1985); *see also* F.R. Civ. P. 12(h)(3) ("Whenever it appears… that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").   There is no presumption that jurisdiction is vested in the Court.  *See*

2

*Pinklay, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). The burden of establishing diversity jurisdiction rests with the party seeking to litigate in federal court. *See Gwyn v. Wal-Mart Stores, Inc.*, 955 F.Supp. 44, 45 (M.D.N.C.1996) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also, e.g., Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998).

### A.  Federal Question Jurisdiction

Chief Judge Legg and Judge Blake of this Court have previously rejected Lee's claims of Fifth Amendment Due Process violation. *See supra*, p. 2.  As explained to Lee in previous cases, the procedures for post-judgment collection proceedings are set forth in the Maryland Rules of Procedure and Md. Cts. & Jud. Proc. Code Ann. 11-501, *et seq.*  Due process is provided by those procedures.   Additionally,  "[q]uestions arising from the taking of property by condemnation for state purposes are ordinarily matters for determination by the state courts." *Baldwin v. Appalachian Power Co.*, 556 F.32d 241 (4th Cir. 1977) (citing *Dixon v. West Virginia University Board of Governors*, 427 F.2d 12, 13 (4th Cir. 1970)).

Were Lee to specify a timely claim of procedural irregularity in the collection proceedings, relief would be pursued in accordance with Maryland law.  To the extent Lee might articulate a cause of action, it arises solely under state and municipal law.  No question of federal law is presented; there is no basis for federal question jurisdiction.

### B.  Diversity Jurisdiction

As earlier noted, Chief Judge Legg and Judge Blake previously found diversity jurisdiction lacking.  The facts failed to show that Lee met the $75,000 amount in controversy

requirement.  *See supra*, p. 2.  Lee purchased the property for $1,000 from the Secretary of the

U.S. Department of Housing and Development in 2001.  *See City of Cumberland Community*

*Development v. Lee* CCB-05-2923.  The property had an assessed value of $ 46,000.  *See id*.

Lee made improvements to the property of $7,800.  *See id.*  On May 17, 2005, the Mayor and

City of Cumberland passed Ordinance No. 3522, which found that the condition of the property

threatened public health and safety and Lee had failed to take corrective action. *See id.*  The City

acquired the property and paid him the property's assessed value of $8,000.  *See id.*   Lee

provides no additional facts in the Complaint *sub judice* to demonstrate the amount in question

exceeds $75,000.  Consequently, there is no basis for jurisdiction based on diversity of

citizenship.

## II.   Complaint Fails to State A Claim Upon Which Relief May be Granted

This Complaint was filed pursuant to 28 U.S.C. § 1915, which permits an indigent

litigant to commence an action in federal court without full payment of filing fees. To protect

against possible abuses of this privilege, the statute authorizes district courts to dismiss cases

where the action "fails to state a claim on which relief may be granted."  This case satisfies the

standard for dismissal.  Lee complains of statements made when Judge Malloy was acting within

his authority as a state district court judge presiding over a civil proceeding.  As such, Judge

Malloy is protected by judicial immunity.  *See Mireles v. Waco*, 502 U.S. 9, 10, (1991).

**CONCLUSION**

For reasons stated herein, the Court will dismiss the case with prejudice by separate

Order.

November 12, 2009                                           _____/s/_____
Date                                                        RICHARD D. BENNETT
                                                            UNITED STATES DISTRICT JUDGE